- 0 8 - 7 7 -

FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE ******DISTRICT OF DELAWARE

FILED
FEB - 5 2008
U.S DISTRICT COURT
DISTRICT OF DELAWARE

I. CAPTION

GBEKE MICHAEL AWALA,
(Enter the full name of the plaintiff or plaintiffs)

v.

CIRCUIT JUDGE HARDIMAN,

CIRCUIT JUDGE CHAGARES,

CIRCUIT JUDGE MCKEE,
(Enter the full name of the defendant or defendants)

and CIRCUIT JUDGE KENT A. JORDAN,

and COLM F. CONNOLLY,
U.S. ATTORNEY'S OFFICE
DISTRICT OF DELAWARE..

and AXEL GONZALEZ FIGUEROA,
IMMIGRATION AND CUSTOMS ENFORCEMENT
PHILADELPHIA, PA

II. PARTIES

and SAMUEL C. STRETTON, Attorney At Law

a. Plaintiff

Full name: GBEKE MICHAEL AWALA

Prison identification number: No. 82074-054

Place of present confinement: U.S. P. CANAAN

Address: P.O. Box 300, WAYMART, PA..

Place of confinement at time of incidents or conditions alleged in complaint, including address:

SAME AS ABOVE...,

Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

b. Defendants: (list only those defendants named in the caption of the complaint, section I)

1. Full name including title: CIRCUIT JUDGE HARDIMAN

   Place of employment and section or unit: U.S. COURT OF APPEALS FOR THIRD CIRCUIT

2. Full name including title: CIRCUIT JUDGE CHAGARES,

   Place of employment and section or unit: U.S. COURT OF APPEALS FOR THIRD CIRCUIT

3. Full name including title: CIRCUIT JUDGE MCKEE

   Place of employment and section or unit: U.S. COURT OF APPEALS FOR THIRD CIRCUIT

4. Full name including title: CIRCUIT JUDGE KENT. A. JORDAN

   Place of employment and section or unit: U.S. COURT OF APPEALS FOR THE THIRD CIRCU

Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

Page 1                                                                et al..

## III. PREVIOUS LAWSUITS

Instructions:

If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.

If you have filed other lawsuits, provide the following information.

Parties to your previous lawsuit:

Plaintiffs  GBEKE MICHAEL AWALA

Defendants  DELAWARE RIVER AND BAY AUTHORITY POLICE DEPARTMENT AND HOMELAND SECURITY

Issues:  Making me stand outside heavy rain 'naked' false arrest, false imprisonment, malicious prosecution, stolen U.S. Birth Documents.. inter alia.

Court: if federal, which district?  DISTRICT OF DELAWARE

if state, which county?  WILMINGTON, DELAWARE

Docket number:  05-097-KAJ    Date filed:  2005

Name of presiding judge:  KENT A. JORDAN(FOOL)...

Disposition: (check correct answer(s)); Date:  DECEMBER 15, 2005..

Dismissed xx   Reason? 28 U.S.C. Section 1915(..

Judgment ___ In whose favor? _____

Pending ___ Current status? _____

Other ___ Explain _____

Appeal filed? ___ Current status? _____

Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

## IV. ADMINISTRATIVE REMEDIES

Instructions:

Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.

a. Describe the administrative procedures available to resolve the issues raised in this complaint:

Type of procedure. (grievance, disciplinary review, etc.)
28 U.S.C. Section 351, with primary contention of fraud, false or misleading by Judges..

Authority for procedure. (DC-ADM, inmate handbook, etc.)

Formal or informal procedure.    N./A

Who conducts the initial review?

What additional review and appeals are available?

b. Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:

On what date did you request initial review?

What action did you ask prison authorities to take?

What response did you receive to your request?

What further review did you seek and on what dates did you file the requests?

What responses did you receive to your requests for further review?

N/A

c. If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.

N/A

STATEMENT OF FACTS
---

GBEKE MICHAEL AWALA, brings this civil rights action against Circuit Judge Hardiman, Chagares, McKee and Kent A. Jordan all from the retribution against the truth, against 'my birthright as a Citizen of the United State, born in Miami-Dade County, Florida, on May 17, 1971.' This civil rights action also named Colm F. Connolly, U.S. Attorney District of Delaware, Axel Gonzalez Figueroa, Immigration and Customs Enforcement, Philadelphia, PA, and Samuel C. Stretton, for deliberate indifference carried out by them, deliberate acts of corruption against the Plaintiff Gbeke M. Awala, premeditated affirmance on direct appeal filed under United States v. Awala, Appeal Nos. 05-5479/06-2718. Notwithstanding, if the truth remains alive. The ruling in Awala, supra, dated 1/11/2008, by Circuit Judges " Hardiman, Chagares and McKee, support the modern practice of lax talions (law of retaliation"). The judgment concerning the punishment allowed by these 'buffoon,' against the 'birth' they striked from records, corresponding to the nature of injury already injected by Circuit Judge Kent A. Jordan. No matter how it may be translated, the judgment is an idea no more than eye for eye.

The violation of Title 42 U.S.C. Section 1981, 1982, 1983 and 1985, and in which the substantive violation is afront under the Fourth, Fifth, Sixth, Seventh, Eight, Thirteenth, and Fourteenth Amendment U.S. Constitution, in all cases of suspected undue circumstances due to circumstances counsel Samuel C. Stretton, and Colm F. Connolly, had had a strong desire to undermine justice, caused false means to covet, an appreciation, but an uncontrolled fools, inordinate, selfish desire. The response to the reaffirmed judgment included a provision translated as a 'waiver of jury instruction,'...and in response to this statement. Laws that appears in this sect of claim shows and demonstrate that, the judging of "Alienage" or "Citizenship" over decisions known as 'casuistic law, such that differs from the principles articulated by the Supreme Court in Penry v. Lynaugh, 492 U.S. 302, 322-323(1989), a defense counsel Mr. Stretton facing repugnant instruction proposed by Beth E. Moschow Schnoll, Colm F. Connolly, adopted by the inordinate Circuit Judge Kent A. Jordan,

-4-

Stretton a man if little intelligence who choosed to argue Corpus Delecti, and outwardly yet jubilating over the loss of this direct appeal, with his comrades Circuit Judge Jordan, instead to argue that Awala, was entitled to deference under the Florida Statute 382 01956, Court-issued Delayed Birth Certificate. As a result of his failure to object to the arbitrary instruction proposed, now affirmed by these buffoons. This error so structural could have been avoided by changing the instructions, indeed. Specifically, the instruction did not give the jury an adequate opportunity to take some of Awala's evidence, his birth documents stolen by Axel Gonzalez Figueroa ("ICE"). Finding that the error can obtain reversal, the instruction was erroneous, and plain or structural error beyond a reasonable doubt, Awala's instruction to the jury impaneled at trial in this draconian court, meet the hieghtened standards of Egregious harm.' The jury were never unanimous in returning that repugnant verdict. After a jury's question requires a 'special issues' or charge, the district court must discussed at some length the possibility that an instruction should broadly define the requirements as to U.S. Citizenship by birth in the United States, birth certificates. Thus, in the absence of a jury instruction delibrately ommitting such categorical approach, it cannot be sure that the jury was able to give effect to the stolen U.S. Birth Documents, answering for a special issue,

 The Defendant Circuit Judge Hardiman, McKee, and Chagares, upholds the facially defective instruction, that violated the Sixth Amendment, and Fourteenth Amendment, Sec. 1. "All persons born in the United States are 'Citizens,' and plaintiff's childhood account of his birth in Miami-Dade County, Florida. Hearing no objection to the instruction, rather a theory fabricated by all these murderes, regardless of all efforts proposed to the clown Kent A. Jordan,. 'The instruction told the jury, without such special instruction, a juror who believed, cannot be sure was properly apprised to the questions and the special issues,' principles. The jury instruction were never modified, false witnesses Axel Gonzalez, judging a legitimate citizen of this 'hell,' the sanctity of his birthright through Alien Records, perverse acts,

-5-

significant concept of irrational, uncontrolled, violence and force used to take my birthright, legitimate provisions of captital punishment, in violation of the Fifth, Eight and Thirteenth Amendment U.S. Constitution taken before the above circuit Judges.

Review of sufficiency of evidence, although a reviewing court generally, will not weigh the evidence presented at the Trial Court, the sufficiency of the evidence is a question of law distinct from issues relating to the weight of evidence, and as such a proper issue on appeal. The question whether a judgment or verdict is supported by sufficient evidence is generally framed in terms of whether the trial court's findings of fact or the jury's verdict is supported by substantial evidence. See United States v. Awala, 04-901-KAJ(2006)(Awala' has taught these men perverted in heart these laws yet abandoned). However, in criminal cases, on review of the sufficiency of the evidence to support a criminal conviction, the critical inquiry is whether the jury was properly instructed and whether the record of evidence can reasonably support a finding of guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979). In Awala, Appeal No. 05-5479, all principles abandoned.

The Supreme Court has recognized that a defendant has a right to 'a tribunal both impartial and mentally competent to afford a hearing.' See Jordan v. Massachusetts, 225 U.S. 167, 176 (1912). Even in this court's corrupt system, I would doubt if Judge Jordan's 51 months sentence imposed on me, let alone years, a strange experience, a few reminiscences, taken up by trick, by a man who loves sentences than innocence, flowers every day displayed outward jubiliation as an extension of himself in his personal life, and of his professional corrupt court system. Care of one's elderly parents was a basic element of social responsibility and godly piety. The U.S. Constitution before these judges steadly grew against them in anticipation of ascention to due administration of justice. Thus, these judgment was not supported by Substantial Evidence, it is most likely that it was written in malice resulting in eternal aim of Mr. Kent A. Jordan, a demon, but honored, a liar, that these men saw but became glad. Assuredly, you will give me my birthright.

V. STATEMENT OF CLAIM

Instructions:

State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.

Statement of claim:
Order of these circuit Judges a three panel-judges was unwarranted in a case dealing or alleging the issuance of a birth certificate under State law, in context of a child custody, Awala's case mandated no three panel judges. See Pettit v. New Mexico, 375 F. Supp. 2d 1138(D.N.M. 2004), as a result the three panel decisions rendered is a pattern repugnant under 28 U.S.C. Section 453, every federal judge takes a solemn oath to judge impartially and to uphold the Constituti thus, denying an American Citizen(GBEKE M. AWALA), his rights under the Constitution violates that oath of CIRCUIT JUDGE HARDIMAN, MCKEE, CHAGARES, AND JORDAN. See Adamson v C.I.R., 745 F.2d 541, 546 (9th Cir. 1984). Ineffective assistance of counsel deprives these fools of jurisdiction...LET JUSTICE BE DONE, THOUGH THE HEAVENS FALL. See Rex v. Wilkes, 4 Burrow's Reports 2527, 2562(1768). They have waived their immunity and consented to the suit. See United States v. Mitchell, 463 U.S. 206, 212 (1983)...

VI. RELIEF

Instruction: Briefly state exactly what you want the Court to do for you.

Relief sought:
PERMANENT INJUNCTION: EQUITABLE ESTOPPEL, FREEDOM FROM BONDAGE, PROTECTION OF MY BIRTHRIGHT IN AN EXCHANGE WITH $29Million Damages...

VII. DECLARATION AND SIGNATURE

I (we) declare under penalty of perjury that the foregoing is true and correct.

1/22/2008
DATE

_____
SIGNATURE OF PLAINTIFF(S)

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
CLERK

**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790

TELEPHONE
215-597-2995

August 8, 2007

Samuel C. Stretton, Esq.
Ilana H. Eisenstein, Esq.

Re: United States of America v. Gbeke Awala, Appellant
Nos. 05-5479/06-2718

Dear Counsel:

The above-entitled case(s) has/have been tentatively listed on the merits on **Thursday, December 6, 2007 in PHILADELPHIA, PA.** It may become necessary for the panel to move this case to another day within the week of December 3, 2007. Counsel will be notified if such a change occurs.

This advance notice is provided so that you may make arrangements to be prepared to appear and present argument if it is required. The panel will determine whether there will be oral argument and if so, the amount of time allocated therefor. (See Third Circuit Internal Operating Procedures, Chapter 2.1.) No later than one (1) week prior to the disposition date you will be advised whether oral argument will be required, the amount of time allocated by the panel, and the specific date on which argument will be scheduled.

Kindly acknowledge receipt hereof, **within seven (7) days,** on the enclosed copy of this letter and advise the name of the attorney who will present oral argument. In addition, please indicate whether or not s/he is a member of the bar of this Court. Membership is not necessary if counsel represents a U.S. government agency or officer thereof or if the party is appearing pro se. If the attorney is not a member of the bar of this Court, an application for admission will be forwarded, which should be completed and returned to this office without delay.

Very truly yours,
MARCIA M. WALDRON, Clerk

By: _Mary A. Collins_
Mary A. Collins, Calendar Clerk,
Direct Dial: (267) 299-4936

MMW:mac

Receipt acknowledged by: _Sam Stretton_  Date: _8/10/07_

Name of attorney arguing: _Sam Stretton_

Representing Appellant/Petitioner (X), Appellee/Respondent ( ), Intervenor ( ), Amicus ( )

Member of Bar: Yes _X_  No ___

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT
## District of Delaware

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| GBEKE AWALA | Case Number: 1:04CR00090-001 (KAJ) |
| | USM Number: 82074-054 |
| | Samuel C. Stretton, Esq. |
| | Defendant's Attorney |

THE DEFENDANT:

[ ] pleaded guilty to count(s) _____

[ ] pleaded nolo contendere to count(s) _____
     which was accepted by the court.

[X] was found guilty on count(s)   I of Superseding Indictment
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Re-entry after deportation following a conviction for an aggravated felony | 08/12/2004 | I |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

Count(s) _____ [ ] is   [ ] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residen mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to p titution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

05/11/2006
Date of Imposition of Judgment

Signature of Judge

Kent A. Jordan, United States District Judge
Name and Title of Judge

5/15/06
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 Imprisonment

DEFENDANT: GBEKE AWALA                               Judgment Page  2  of  6
CASE NUMBER: 1:04CR00090-001 (KAJ)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 51 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

_____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A-5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 04-90-KAJ |
| GBEKE AWALA, | : | |
| Defendant. | : | |

**SUPERSEDING INDICTMENT**

The Grand Jury for the District of Delaware charges that:

**COUNT I**

On or about August 12, 2004, in the District of Delaware, Gbeke Awala, the defendant, an alien and subject of Nigeria who had been arrested and deported from the United States on November 13, 1999, following conviction for an aggravated felony, was found in the United States, and the defendant was knowingly in the United States unlawfully, and prior to the defendant's re-embarkation at a place outside the United States, neither the Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to the defendant's re-application for admission, all in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

A TRUE BILL:

_____Janet C. Mays_____
Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: October 26, 2004

D6

**U. S. Department of Homeland Security**
Immigration and Customs Enforcement

**Immigration Detainer - Notice of Action**

| | |
|---|---|
| BOP # 82 74-054 | |
| File No. A 74 190 250- | |
| Date  9/28/2006 | |

| To: (Name and title of Institution) | From: (INS office address) |
|---|---|
| WARDEN | U.S. DHS/ICE |
| MOSHANNON VALLEY CORR. CENTER | ALLENWOOD @ LSCI |
| 555 CORNELL DRIVE | P. O. BOX 209 |
| PHILIPSBURG PENNSYLVANIA 16866 | WHITE DEER, PA 17887 |

Name of alien: __AWALA, Gbeke__    Projected Release_____

Date of birth: __5/17/1971__   Nationality: __Nigeria__   Sex: __M__

You are advised that the action noted below has been taken by the Immigration and Customs Enforcement concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United
   States.
☐ A Notice to Appear or other charging documents initiating removal proceedings, a copy of which is
   attached, was served on _____.
                           (Date)
☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on

                                                                                    (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify ICE by calling  570-547-6903  during business hours or _____ _____ after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to _____ _____.
           (Area code and facsimile number)
Return fax to the attention of ___S. Montgomery___, at ___814___ ___768-2687___
                              (Name of INS officer handling cases)    (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____.

_____                              IEA
(Signature of INS official)                          (Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____   Latest conviction charge: _____   STEPHEN C. MONTGOMERY
Estimated release date: _____                                                  I.E.A.

# DETAINER



| | |
|---|---|
| U.S. Department of Justice<br>Immigration & Naturalization Service | IMMIGRATION DETAINER NOTICE OF ACTION<br>BY IMMIGRATION & NATURALIZATION SERVICE<br>OAKDALE, LOUISIANA |
| | DATE    28-Aug-98 |
| TO:  Warden<br>Federal Correctional Institution<br>P.O. Box 5050<br>Oakdale, Louisiana 71463 | FROM:  U.S. Immigration Service<br>P.O. Box 5095<br>Oakdale, Louisiana 71463<br>(318) 335-0713 |

NAME OF INMATE:    AWALA, Gbeke

INS FILE # A74 190 250

BOP # 82074-054

DATE OF BIRTH:  5/17/71    SEX: Male    NATIONALITY: Nigeria

YOU ARE ADVISED THAT THE ACTION NOTED BELOW HAS BEEN TAKEN BY THIS SERVICE CONCERNING THE ABOVE NAMED INMATE:

__X__    Investigation has been initiated to determine whether this inmate is subject to deportation from the United States

IT IS REQUESTED THAT YOU:

__X__    Accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignment or other treatment which he would otherwise receive.

__X__    Please ensure this inmate is immediately transferred to FCI, Oakdale, Louisiana when he is designated to OAK INS.

ELK    9/2/99
LOCATION    PRD

## DETAINER

9

**U.S. Department of Justice**
Immigration and Naturalization Service

## Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| Awala, Gbeke | | | | M | BLK | BRO | DRK |

| Country of Citizenship | Passport Number and Country of Issue | Case No: VPI0408000086  File Number A074 190 250 | Height | Weight | Occupation |
|---|---|---|---|---|---|
| NIGERIA | | | | | |

U.S. Address: C/O IMMIGRATION AND CUSTOMS ENFORCEMENT 1600 CALLOWHILL ST. PHILADELPHIA, PENNSYLVANIA 19130

Scars and Marks: See Narrative

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | Marital Status |
|---|---|---|---|
| 07/18/2004, Unknown Time, RBN, PWI | | 766625AB7 | ☒ Married |

Number, Street, City, Province (State) and Country of Permanent Residence: LAGOS, NIGERIA

Method of Location/Apprehension: O 511.4

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 05/17/1971  Age: 33 | 08/12/2004 | VBA/VPI | Wilmington, DE | 08/12/2004 1000 |

| City, Province (State) and Country of Birth | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| LAGOS, A, NIGERIA | | | | | AXEL GONZALEZ FIGUEROA |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Canada | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None known |

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate): , Unknown

Number and Nationality of Minor Children:

Father's Name, Nationality, and Address, if Known: AWALA, Moses  Nationality: NIGERIA

Mother's Present and Maiden Names, Nationality, and Address, if Known: OLAPADO, Dapo  Nationality: NIGERIA

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary  Hr. | Employed from/to / /  , / / |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS # 5002965

**SCARS, MARKS AND TATTOOS**
None Visible

**INS SYSTEMS CHECKS**
Central Index System Negative
National Crime Information Center Negative
Non Immigrant Information System Negative
Treasury Enforcement Communications System Negative

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by GONZALEZ FIGUEROA

On August 12, 2004, Gbeke AWALA (the defendant) was encountered by the Delaware River and Bay Authority (DRBA) Police Department when they initiated a vehicle stop of AWALA's truck. AWALA had been detained for failure to pay the toll on the Delaware Memorial Bridge. When the arresting officer queried the defendant's name and date of birth, via the National Crime Information Center (NCIC), it was revealed that the defendant was a previously deported felon.

The ICE Law Enforcement Support Center (LESC), contacted the Delaware River and Bay Authority Police on that date and subsequently lodged an ICE detainer against AWALA. On

AXEL GONZALEZ FIGUEROA
SPECIAL AGENT

Alien has been advised of communication privileges. _____ (Date/Initials)   (Signature and Title of INS Official)

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: AXEL GONZALEZ FIGUEROA |
| | on: August 12, 2004 at 1600 (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: LINDA J. VALENTINE |

**U.S. Department of Justice**
Immigration and Naturalization Serv

Continuat' Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| Awala, Gbeke | Case No: VPI0408000086<br>A074 190 250 | 08/12/2004 |

this same date, SA Gonzalez interviewed the defendant at the ICE Philadelphia Office, after having advised him of his Miranda rights, which he voluntarily waived.

The defendant stated that he was a citizen and national of Nigeria and had been previously deported from the United States. He further stated that he was deported on November 13, 1999, and then illegally re-entered the United States in July 2004.

SA Gonzalez fingerprinted the defendant. I ordered and obtained the defendant's Immigration file, which revealed that the defendant is a citizen and national of Nigeria and has been deported from the United States on November 13, 1999 at New York, New York, aboard Ghana Airways, Flight 151.

The fingerprints taken from the defendant by SA Gonzalez have been compared to and match those for Gbaka AWALA with an FBI Identification Record of 766625AB7. This FBI Identification Record also reflects that the defendant has been previously deported from the United States for multiple convictions of Bank Fraud, Access Device Fraud, Mail Fraud and Forgery.

SA Gonzalez has also examined the defendant's Immigration file and found no certification for permission to reapply for admission to the United States after deportation. This indicates that the defendant did not receive permission from the Secretary of Homeland Security to legally re-enter the United States.

The defendant permitted SA Gonzalez and ICE Special Agent Jack Agnew to conduct a search of his vehicle in order to retrieve the defendant's passport and other identity documents. Your affiant observed multiple bags of trash in the rear of the defendant's vehicle, a U-Haul truck, which was not registered to anyone and not reported stolen.

During the search of this vehicle, SA Gonzalez discovered various cancelled checks among the trash, at which point the defendant asked SA Gonzalez to stop searching the vehicle.

| Signature | Title |
|---|---|
| AXEL GONZALEZ FIGUEROA | SPECIAL AGENT |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 6/12/92)



GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

Legal mail:

Sue L. Robinson
Chief Judge
U.S. District Court
For the District of Delaware
844 N. King Street, Lockbox 31
Wilmington, DE 19801-3570