IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE AWALA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 08-077-GMS ) |
| CIRCUIT JUDGE HARDIMAN, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 15th day of February 2008;

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* is denied, for the reasons that follow:

The plaintiff, Gbeke Michael Awala ("Awala"), an inmate at the U.S. Penitentiary Canaan, Waymart, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Awala proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.) He is a frequent filer in this district.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the

prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to the United States Party/Case Index for the Federal Courts, to date, and while a prisoner, Awala has filed over ninety civil actions in various federal district courts across the country, and at least fifty appeals in various federal appellate courts across the country. Many of those cases have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, while others have been dismissed for Awala's failure to pay the filing fee due to his status of filing more than three cases that were frivolous, malicious, or failed to state a claim upon which relief may be granted.

The cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, are as follows: *Awala v. New Jersey Dep't of Corr.*, No. 05-4899 (3d Cir. Jan. 31, 2007); *Awala v. Regional Office Bureau of Prisons*, No. 05-5169 (3d Cir. June 5, 2006); *Awala v. Federal Pub. Defender,* No. 05-4341 (3d Cir. Apr. 21, 2006); *Awala v. Wachovia Corp.*, No. 05-3381 (3d Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3d Cir. Dec. 8, 2005); *Awala v. 8 U.S.C. § 1326*, C.A. No. 06-012-KAJ (D. Del. Mar. 17, 2006); *Awala v. Stretton*, C.A. No. 05-472-KAJ (D. Del. Mar. 3, 2006); *Awala v. U.S. Congress*, C.A. No. 05-307-KAJ (D. Del. Dec. 15, 2005); *Awala v. Delaware River and Bay Auth. Police Dep't*, C.A. No. 05-97-KAJ (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corr.*, C.A. No. 05-2362FLW (D.N.J. Aug. 23, 2005); and *Awala v. Federal Pub. Defender*, C.A. No. 05-CV-281-KAJ (D. Del. Aug. 5, 2005). As a result, Awala may not file

another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Rather, the complaint complains of actions taken by the defendants during Awala's direct appeal of his criminal conviction. Hence, Awala is not excused from the restrictions under § 1915(g), he may not proceed *in forma pauperis* and, therefore, his application to proceed *in forma pauperis* will be denied.

Based upon the foregoing analysis, the motion to proceed in forma pauperis (D.I. 1) is **denied**. Awala is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If Awala does not pay the filing fee within that time, the complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
FEB 1 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE